MARCIA H. TRIBOU *vs.* FREDERICK C. TRIBOU.

Hancock. Opinion March 19, 1902.

*Equity. Rescission. Fraud. Undue Influence.*

On appeal in equity by the defendant from the decree of a single justice, confirming the facts found by the jury under issues framed and submitted to them by the court, that the plaintiff was induced and compelled by undue influence, duress and fraud to execute a deed and bill of sale for a grossly inadequate consideration, it was ordered, adjudged and decreed by the justice in the first instance that the deed and bill of sale specified in the bill of complaint be cancelled and annulled; and that the defendant execute and deliver to the plaintiff a sufficient deed and a sufficient bill of sale to convey and transfer to her all the property purported to be passed to the defendant by said instruments.

The plaintiff's title to the property in question was derived from the will of her grandfather, Silas K. Tribou, deceased, she having by law succeeded to the bequest, being one-third of the residue of the estate, given in said will to her father, Charles H. Tribou, who had deceased before the death of the testator. The plaintiff had no definite knowledge of the nature or amount of her grandfather's property or of the value of her share therein. The defendant knew that her interest under said will was worth at least twenty thousand dollars, and immediately after filing the will for probate he invited the plaintiff to come from her home in New York and make him a family visit in Paris, Maine, and began, immediately upon her arrival, to negotiate with her for a conveyance of her interest for the sum of ten thousand dollars. The defendant at the time of the negotiations did not notify the plaintiff of the value of her interest under the will of her grandfather, but gave her to understand that a codicil had been executed, under which she would receive nothing. He employed an attorney to prepare the instruments and superintend their execution.

In determining the character of these acts of the defendant, the relation of the parties at the time is to be considered. The plaintiff was the niece of the defendant, and upon his invitation was an inmate of his house, and she had a right to rely upon his good faith, and it was his duty to inform her fully of her rights and to protect her against inconsiderate business acts in reference to her property. In the relation of confidence he was the superior party; and the inadequacy of the consideration of the deed and bill of sale, the postponement of the payment of the purchase price without security, the execution of the instruments by the plaintiff without professional advice, her inexperience and his extensive experience in business affairs, and his concealment of the material facts subject the transaction to impeachment for fraud.

*Held;* that the decision of the court below be affirmed with additional costs for the plaintiff.

In equity. On appeal by defendant. Appeal dismissed.

The case appears in the opinion.

*H. E. Hamlin,* for plaintiff.

*O. F. Fellows,* for defendant.

SITTING: STROUT, SAVAGE, POWERS, PEABODY, JJ.

PEABODY, J. This is a bill in equity in which the complainant, Marcia H. Tribou, asks for a decree annulling and cancelling a deed and bill of sale which she alleges she was induced to give to the defendant, Frederick C. Tribou, by duress and fraud.

It comes before the law court by appeal entered by the defendant from the decree of a single justice, whereby the facts found by the jury were confirmed, viz:

That the plaintiff was induced and compelled, by undue influence, duress, fraud, fraudulent misrepresentation, or from the concealment on the part of the respondent, to execute and deliver to the respondent the deed and bill of sale referred to in the complainant's bill; that said deed and bill of sale were given without consideration; and that all the consideration, if any, for said instruments was so grossly inadequate under all the circumstances that the same should not be regarded by a court of equity as a valid consideration; and wherein it was ordered, adjudged and decreed:

That both the deed and bill of sale specified in the plaintiff's bill be declared void, cancelled and annulled and that the respondent execute and deliver to the said plaintiff a sufficient deed and a sufficient bill of sale, or other instruments properly stamped and cancelled under the laws of the United States, covering all the property specified in said deed and bill of sale specified in the plaintiff's bill, and sufficient to convey, transfer and deliver unto the complainant all of the property purported to be passed from the complainant to the respondent by said deed and bill of sale, specified in the complainant's bill, so that the complainant's property in question may be fully and absolutely restored to her.

The complainant's title to the property in question was derived from the will of her grandfather, Silas K. Tribou, deceased. She succeeded by law to the bequest made in said will to her father, Charles H. Tribou, who had deceased before the testator. The respondent and his sister Rebecca H. Tribou and the complainant's father, whose share she takes, were the residuary legatees under said will.

The father and mother of the complainant separated in her childhood, and as she lived with her mother in New York, the family ties were necessarily loosened. Her occasional visits to her former home had become less frequent, and she did not attend the funeral of either her father or grandfather.

Under the provisions of her father's will, executed January 11, 1889, she received only a nominal bequest. She had no definite knowledge of the nature or amount of the property of her grandfather, Silas K. Tribou, and had no reason to suppose she would have any share in his estate under any will he might execute.

Silas K. Tribou died in December, A. D. 1899, and a week later the respondent petitioned for the probate of his will. Previous to the filing of the will for probate, he learned that the testator had executed a codicil in 1891, after the death of his son, Charles H. Tribou, by which the complainant was disinherited. He had made search for the codicil; but it was not found deposited with the will and was either lost or had been destroyed by the testator.

The estate of Silas K. Tribou was about sixty thousand dollars in value, and the complainant's share under his will would be one-third of the residue and would amount to about twenty thousand dollars.

The deed and bill of sale given by the complainant to the respondent, by which she transferred her entire interest in the estate to him, were executed at his home in South Paris, Maine, on the second day of January, 1900, during a visit which she was making by his invitation.

It is claimed that the acts of the respondent initiated by his letter dated December 29, 1899, inviting the complainant to make him a family visit, and which ended with his procurement of the services of an attorney to prepare and direct the execution of the instruments

mentioned in the complaint were fraudulent in intent and result.

There were indicia of actual or constructive fraud in the unusual conduct of the respondent, inviting his niece to make him a visit in midwinter, commencing almost simultaneously with filing for probate the will which entitled her to an interest worth twenty thousand dollars to negotiate with her for the conveyence of the same for one-half of its value, making prominent in conversation with her the existence of a codicil which revoked her entire interest under the will, allowing her to understand that he did not know the amount of the estate; and upon learning that she had received messages of advice from her home, hastening to secure the services of an attorney at an unusual hour in the evening to complete the business of the transfer.

In determining the character of his acts, we should consider the relations of the parties at the time. The complainant was the respondent's niece and at his invitation was an inmate of his house; she had a right to rely upon his good faith, and he was under a moral and legal duty not only to inform her fully of her pecuniary rights, but to protect her against her own inexperience.

He was the superior party in the relation of confidence, and we think that, by reason of the inadequacy of the consideration of the deed and bill of sale, the postponement of payment of the price without security, the complainant's execution of the deed and bill of sale without professional advice, her youth and inexperience, the large acquaintance of the respondent with business affairs, and his concealment of material facts, the transaction is subject to impeachment for fraud. 1 Story Eq. 120, 329a; 2 Pomeroy's Eq. 922, 928, 943, 963; *Jordan* v. *Stevens*, 51 Maine, 78, 81 Am. Dec. 556; *Wheeler* v. *Smith*, 9 How. U. S. 55.

*The decision of the court below is manifestly correct,*
*and it is affirmed with additional costs for plaintiff.*